# Exhibit B

AMENDED, CONSOLIDATED AND RESTATED MORTGAGE NOTE

$20,373,841.03                                                                                         Melville, New York
                                                                                                     Dated as of October 13, 2021

      FOR VALUE RECEIVED, the undersigned, 105TH MORNINGSIDE HOLDINGS LLC, a New York limited liability company, having an office at c/o Black Spruce Management LLC, 80 Fifth Avenue, Suite 1201, New York, New York 10011 (the "Borrower"), promises to pay to the order of SIGNATURE BANK, a New York banking corporation (the "Bank"), having an office at 68 South Service Road, Melville, New York 11747 (or such other place designated by the holder of this Note in writing) the principal sum of TWENTY MILLION THREE HUNDRED SEVENTY THREE THOUSAND EIGHT HUNDRED FORTY ONE AND 03/100 DOLLARS ($20,373,841.03), together with interest thereon from the effective date hereof at the rates set forth herein and in accordance with the terms and conditions hereof.

1. <u>Interest</u>

      From and including the date hereof until October 10, 2022 (the "Adjustment Date"), the outstanding principal sum on this Note shall bear interest at an annual rate of interest equal at all times to two percent (2.00%).

      On the Adjustment Date, the interest rate on this Note shall be adjusted and fixed for the remaining term of this Note at an annual rate of interest equal to three and one quarter of one percent (3.25%).

      If the Borrower elects to extend the Maturity Date for the extended term, as provided in Section 2 below, for the extended term the outstanding sum shall bear interest at an annual rate of interest equal at all times to the greater of (i) the prime rate of interest so designated from time to time by the Bank as its prime rate (the "Prime Rate") or (ii) three and one quarter of one percent (3.25%). The Prime Rate is a reference rate and does not necessarily represent the lowest or best rate being charged to any customer. Such annual rate of interest will change on the effective date of any change in the Prime Rate. The Bank will not be obligated to notify the Borrower of any change in the Prime Rate.

      Interest shall be payable on the tenth (10th) day of each month in arrears beginning November 10, 2021 and shall be calculated on the outstanding principal balance from time to time and based upon the actual number of days elapsed divided by 360.

| Amended, Consolidated and Restated Mortgage Note | 120 West 105th Street a/k/a 112/138 West 105th Street, New York, New York |
|---|---|
| File No. ▮▮▮▮▮▮3344 | Page 1 |

2. <u>Principal Payments</u>

  Monthly payments of principal shall not be required. All outstanding principal together with all accrued and unpaid interest shall be due and payable on October 13, 2025 (the "Maturity Date"). Pursuant to Section 14 herein, the Borrower shall have the option of extending the Maturity Date for one (1) additional two (2) year term (the "Extension Period") to October 13, 2027 (the "Extended Maturity Date").

3. <u>Prepayments</u>

  The principal balance may be prepaid in whole or in part at any time without premium or penalty. All partial prepayments shall be in the minimum amount of $25,000.00 and integral multiples thereof and shall be applied in the inverse order of their maturity. All prepayments shall be accompanied by accrued and unpaid interest on the amounts being prepaid through the date of prepayment. Amounts prepaid may not be re-borrowed.

4. <u>Participations, Etc.</u>

  (a) The Bank shall have the right at any time, with or without notice to the Borrower, to sell, assign, transfer or negotiate all or any part of this Note or grant participations therein. The Borrower agrees and consents to the Bank providing financial and other information regarding its business and operations to prospective purchasers or participants and further agrees that to the extent that the Bank should sell, assign, transfer or negotiate all or any part of this Note, the Bank shall be forever released and discharged from its obligations under this Note to the extent same is sold, assigned, transferred or negotiated.

  (b) Any purchaser, assignee, transferee or participant shall have the same rights, benefits and obligations under this Note as it would have if it were the Bank.

  (c) Notwithstanding anything contained herein or in the other Loan Documents, in the event that the Bank elects to sell, assign, transfer or negotiate this Note and the Loan Documents to a bona fide third party unrelated and unaffiliated with Bank (hereinafter, a "Sale") by its acceptance of this Note the Bank agrees to provide the Guarantor (or its affiliated entity) a right of first option by providing the Guarantor with notice of the intended Sale which states the material terms and conditions upon which the Bank has agreed to accept for the Sale (the "ROFR Notice"). The Guarantor shall notify the Bank within three (3) Business Days of receipt of said ROFR Notice, that he (or his affiliated entity) will meet the terms of the Sale and purchase the Note and Loan Documents on the same terms contained therein, provided that the Guarantor shall have at least thirty (30) days to close upon the Sale. If the Bank has not received notice within said three (3) Business Days that the Guarantor (or his affiliated entity) will enter into the Sale, the Bank will have no further obligation to enter into any Sale with the Guarantor (or his affiliated entity). In addition,

| Amended, Consolidated and Restated Mortgage Note | 120 West 105th Street a/k/a 112/138 West 105th Street, New York, New York |
|---|---|
| File No. ▮▮▮▮▮▮3344 | Page 2 |

if the Guarantor (or his affiliated entity) has notified the Bank within said three (3) Business Day period that it intends to enter into said Sale and such Sale is not consummated in accordance with said thirty (30) days, the Bank will have no further obligation to enter into the Sale with the Guarantor (or its affiliate).  In the event that the Guarantor declines to enter into the proposed Sale and the Bank attempts to proceed with the Sale to a third party but prior to closing the Sale the proposed purchase price is reduced by greater than five percent (5%) from that price proposed in said ROFR Notice, then, in such event, the Bank will be required to provide the Guarantor with a new ROFR Notice and opportunity to exercise the Guarantor's rights hereunder.  The term "Sale" shall not include any transfer or assignment of this Note due to the sale of the Bank or merger of the Bank with another financial institution.

5. <u>Payments</u>

The Borrower agrees that all payments due under this Note shall be made by automatic debit from account no. ▮▮▮▮▮▮3874, an account maintained by MHP IX LLC at the Bank.  In the event that the money maintained in such account is insufficient for any payment due under this Note, the Bank may charge any account of the Borrower for any payment due to the Bank under this Note.  Time is of the essence as to all dates set forth herein, provided, however, that whenever any payment is to be made under this Note shall be stated to be due on a Saturday, Sunday or a public holiday or the equivalent for banks generally under the laws of the State of New York (any other day being a "Business Day"), such payment may be made on the next succeeding Business Day.

6. <u>Interest Adjustments</u>

(a) If the provisions of this Note would at any time otherwise require payment by the Borrower to the Bank of any amount of interest in excess of the maximum amount then permitted by applicable law the interest payments shall be reduced to the extent necessary so that the Bank shall not receive interest in excess of such maximum amount.  To the extent that, pursuant to the foregoing sentence, the Bank shall receive interest payments hereunder in an amount less than the amount otherwise provided, such deficit (hereinafter called the "Interest Deficit") will cumulate and will be carried forward (without interest) until the payment in full of this Note.  Interest otherwise payable to the Bank hereunder for any subsequent period shall be increased by such maximum amount of the Interest Deficit that may be so added without causing the Bank to receive interest in excess of the maximum amount then permitted by applicable law.

(b) The amount of the Interest Deficit shall be treated as a prepayment fee and paid in full at the time of any optional prepayment by the Borrower to the Bank of this Note.  The amount of the Interest Deficit relating to this Note at the time of any complete payment of this Note at that time outstanding (other than an optional prepayment thereof) shall be cancelled and not paid.

| Amended, Consolidated and Restated Mortgage Note | 120 West 105th Street a/k/a 112/138 West 105th Street, New York, New York |
|---|---|
| File No. ▮▮▮▮▮3344 | Page 3 |

7. <u>Agreements Relating to this Note</u>

This Note is executed in connection with, and is secured by, inter alia, (i) mortgages which have been consolidated and modified pursuant to a Mortgage Consolidation, Modification, Security Agreement and Fixture Filing of even date herewith between the Borrower, HP MJM Housing Development Fund Company, Inc. (the "Nominee") and the Bank (which, as now exist, and as the same may hereafter, from time to time, be amended, modified, extended, consolidated, increased, supplemented, spread or restated are hereinafter collectively referred to as the "Mortgage") covering property (the "Premises") located at 120 West 105th Street a/k/a 112/138 West 105th Street, New York, New York, all as more particularly described in the Mortgage; (ii) an assignment by the Borrower and the Nominee to the Bank of all leases relating to the Premises (the "Assignment of Leases"); (iii) a limited guaranty of even date herewith (the "Limited Guaranty") of the obligations of the Borrower to the Bank from Joshua Gotlib (the "Guarantor"); and (iv) an environmental indemnity agreement of even date herewith from the Borrower and the Guarantor to the Bank (the "Indemnity Agreement") (this Note, the Mortgage, the Assignment of Leases, the Limited Guaranty, the Indemnity Agreement and all other documents executed in connection with the loan evidenced by this Note collectively, the "Loan Documents").  This Note is subject to all the terms and conditions of the Loan Documents as if fully set forth herein.

8. <u>Default and Late Charge</u>

There shall be a late charge imposed, equal to five percent (5%) of the amount of any payment which cannot be debited on its due date (other than with respect to the final payment due at maturity, whether by acceleration or otherwise).

The entire principal sum together with accrued interest thereon shall become due and payable at the option of the Bank upon the occurrence and continuance of any Event of Default (as such term is defined in the Mortgage) beyond the expiration of all applicable notice and/or cure periods.

Upon the occurrence and continuance of an Event of Default under the Loan Documents which continues beyond the expiration of any applicable notice and/or cure periods or upon maturity of this Note (whether by acceleration or otherwise) or upon the failure to supply the records and other information required in Section 12 hereof within thirty (30) days following written demand therefor and until such records and/or information are furnished, the interest payable on this Note shall be at the rate of twenty-four percent (24%) per annum or the maximum rate allowed to be charged by law, whichever is lower.

The Bank shall be entitled to receive interest at the highest rate allowed by law on any claim filed by it pursuant to the United States Bankruptcy Code, as amended, to recover all or part of the amounts that may be due under this Note.

| Amended, Consolidated and Restated Mortgage Note | 120 West 105th Street a/k/a 112/138 West 105th Street, New York, New York |
|---|---|
| File No.       3344 | Page 4 |

9. <u>Right of Set Off</u>

The Borrower hereby grants to the Bank a security interest in all deposit accounts (other than tenant security deposits) maintained by the Borrower with the Bank and in any securities pledged or assigned to and in the possession of the Bank, which property may be applied to amounts owed under this Note.

10. <u>Governing Law</u>

This Note shall be governed by and construed and enforced in accordance with the laws of the State of New York.  In no event will interest be charged or collected hereunder at a rate in excess of that permitted by applicable law.

11. <u>Trial By Jury</u>

The Borrower and the Bank hereby agree to waive the right to a trial by jury in any action on or related to this Note or any other document executed in connection with this Note.

12. <u>Financial Statements</u>

The Borrower shall deliver or cause to be delivered to the Bank the following:

(i) as soon as available and in any event within sixty (60) days of the end of each calendar year, an income and expense statement for the Premises, in form and substance reasonably satisfactory to the Bank, certified to be true and correct by the Borrower;

(ii)  as soon as available and in any event within sixty (60) days of the end of each calendar year, a rent roll for the Premises in form and substance reasonably satisfactory to the Bank, certified to be true and correct by the Borrower; and

(iii) such other information as the Bank may reasonably request from time to time.

13. <u>Operating Account; Tenant Security Deposits</u>

The Borrower shall maintain its operating account(s) with the Bank.

All tenant security deposits for any leases of the Premises, if any, shall be maintained in an account of the Borrower with the Bank.

| Amended, Consolidated and Restated Mortgage Note | 120 West 105th Street a/k/a 112/138 West 105th Street, New York, New York |
|---|---|
| File No. ▮▮▮▮▮▮3344 | Page 5 |

14. Extension of Maturity Date for Extension Period

    The Maturity Date shall be extended to the Extended Maturity Date upon the Borrower providing the Bank with written notice, at least thirty (30) days but not more than ninety (90) days prior to the Maturity Date, that the Borrower wishes to extend the term as herein provided. Notwithstanding the foregoing, the Bank shall have the right, but not the obligation, to decline to extend the terms of this Note if (i) the Borrower is in default beyond any applicable notice, grace and cure periods under terms of this Note and/or an Event of Default (as defined in the Mortgage) has occurred and is continuing under the Mortgage, (ii) the Borrower has not furnished all of the information and documentation the Borrower is required to furnish to the Bank pursuant to this Note and the Mortgage, including, but not limited to, a then-current rent roll and income and expense statement for the Premises, (iii) the Borrower has been more than thirty (30) days late in making the monthly payments required under the terms of this Note and the Mortgage more than two (2) times in any twelve (12) month period, (iv) the loan to value ratio of the Premises is greater than eighty-five percent (85%) on the date the extension is exercised (as determined by an updated appraisal prepared at the Borrower's expense), or (v) the Premises does not support a debt service coverage ratio (as calculated by the Bank) of at least 1.0 to 1.0 on the date the extension is exercised.  The Guarantor shall reaffirm his obligations under the Limited Guaranty and the Indemnity Agreement. The Borrower shall also be responsible for all fees and expenses associated with the extension including, but not limited to, the Bank's reasonable legal fees, an inspection fee in the amount of $150.00 and a tax service fee.

    In the event this Note is extended pursuant hereto, the interest rate on this Note shall be readjusted on the date this Note is extended pursuant to Section 1 herein.  The Borrower shall continue to make monthly payments of interest on this Note.  All other terms and conditions of this Note and the other Loan Documents shall remain in full force and effect during the Extension Period.

15. Regulatory Agreement

    The Borrower shall be permitted to enter into a regulatory agreement with the City of New York, acting by and through its Department of Housing Preservation and Development, pursuant to Article XI of the New York State Private Housing Finance Law and Section 402 of the Not-for-Profit Corporation Law of the State of New York provided (i) the Borrower is not in default under the Loan Documents beyond any applicable notice, grace and cure period, (ii) the proposed rents for the Premises are sufficient to support a debt service coverage ratio (as calculated by the Bank) of at least 1.2 to 1.0 and (iii) the Borrower and the Guarantor shall execute such documents as the Bank and its counsel deem necessary in connection with such regulatory agreement and a reaffirmation of the obligations of the Guarantor under the Limited Guaranty and of the Borrower and the Guarantor under the Indemnity Agreement.  The Bank agrees to subordinate the lien of the Mortgage, and any

renewal, extension or modification thereof, and the rights of the Bank as mortgagee thereunder, to such regulatory agreement and all of the provisions thereof.

16. <u>Miscellaneous</u>

The Borrower and any endorsers or guarantors of this Note for themselves, their heirs, legal representatives, successors and assigns, respectively and severally waive presentment, demand, protest and notice of dishonor and waive any right to be released by reason of any extension of time, delay in enforcement or change in terms of payment or any change, alteration or release of any security given for the payment hereof, and jointly and severally agree to pay any costs and expenses, including attorneys' fees if, upon default hereunder or under the Loan Documents, same are incurred to secure collection hereof.

This Note can only be amended, modified, or cancelled in writing signed by the Bank and the Borrower.

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

| Amended, Consolidated and Restated Mortgage Note | 120 West 105th Street a/k/a 112/138 West 105th Street, New York, New York |
|---|---|
| File No. 3344 | Page 7 |


## 7. Miscellaneous

The Borrower and any endorsers or guarantors of this Note for themselves, their heirs, legal representatives, successors and assigns, respectively and severally waive presentment, demand, protest and notice of dishonor and waive any right to be released by reason of any extension of time, delay in enforcement or change in terms of payment or any change, alteration or release of any security given for the payment hereof, and jointly and severally agree to pay any costs and expenses, including attorneys' fees if, upon default hereunder or under the Agreement, same are incurred to secure collection hereof.

This Note can only be amended, modified, or canceled in writing signed by the Bank.

IN PRESENCE OF:                                     105TH MORNINGSIDE HOLDINGS LLC

By: _____
Name: Joshua Gotlib
Title: Authorized Signatory

STATE OF NEW YORK   )
                                        ) ss.:
COUNTY OF NEW YORK  )

On the 8th day of October in the year 2021, before me, the undersigned, personally appeared Joshua Gotlib, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

```
DAVID KEUSCH
Notary Public, State of New York
No. 02KE6112510
Qualified in Westchester County
Commission Expires July 06, 2024
```

| Gap Note | 120 West 105th Street a/k/a 112/138 West 105th Street, New York, New York |
|---|---|
| File No. ▮3344 | Page 3 |

EXHIBIT A

ORIGINAL NOTES

The Original Notes are those notes secured by the following mortgages:

1. Substitute Mortgage 3 dated as of the 11th day of September, 2013 made by COSO 120 West 105 LLC and Lighthouse Ewing LLC to Signature Bank in the amount of $11,000,000.00 and recorded in the Office of the City Register of the County of New York (the "Register's Office") on the 27th day of September, 2013 as CRFN 2013000401826 (on which no mortgage tax was due) (this Mortgage was severed and split from the Mortgages described in Exhibit A-1 pursuant to a Splitter and Severance Agreement dated as of the 11th day of September, 2013 between COSO 5 West 101 LLC, COSO 106 West 105 LLC, COSO 120 West 105 LLC, COSO 21 West 106 LLC, COSO 165-171 Manhattan LLC, COSO 15 West 107 LLC, COSO 3-5 West 108 LLC, COSO 7-9 West 108 LLC, COSO 350 Manhattan LLC, COSO 10-16 Manhattan LLC, COSO 61-63 West 104 LLC, COSO 109 West 105 LLC, COSO 123 West 106 LLC, COSO 125 West 106 LLC, COSO 127 West 106 LLC, COSO 4-6 West 108 LLC, COSO 8-10 West 108 LLC, COSO 203 West 108 LLC, COSO 216 West 108 LLC, COSO 627 West 113 LLC, COSO 302 West 114 LLC, COSO 312 West 114 LLC, Lighthouse Ewing LLC, Kayhall LLC, and Signature Bank and recorded with the Register's Office on the 25th day of September, 2013 as CRFN 2013000397480);

Which Mortgage was modified by a Mortgage Modification, Security Agreement and Fixture Filing dated as of the 11th day of September, 2013 between COSO 120 West 105 LLC, Lighthouse Ewing LLC and Signature Bank and recorded in the Register's Office on the 27th day of September, 2013 as CRFN 2013000401827;

2. Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing dated as of the 29th day of May, 2014 made by COSO 120 West 105 LLC and Lighthouse Ewing LLC to Signature Bank in the amount of $1,500,000.00 and recorded in the Register's Office on the 9th day of July, 2014 as CRFN 2014000228328 (on which mortgage tax in the amount of $42,000.00 was paid);

3. Gap Mortgage dated as of the 10th day of December, 2014 made by COSO 120 West 105 LLC and Lighthouse Ewing LLC to Signature Bank in the amount of $3,161,434.35 and recorded with the Register's Office on the 4th day of February, 2015 as CRFN 2015000038133 (on which mortgage tax in the amount of $88,519.20 was paid);

Which Mortgage was consolidated with all of the above Mortgages to form a single lien in the amount of $15,650,000.00 pursuant to a Mortgage Consolidation, Modification, Security Agreement and Fixture Filing dated as of the 10th day of December, 2014 between COSO 120 West 105 LLC and Lighthouse Ewing LLC and recorded in the Register's Office on the 4th day of

| Amended, Consolidated and Restated Mortgage Note | 120 West 105th Street a/k/a 112/138 West 105th Street, New York, New York |
|---|---|
| File No. 3344 | Page 9 |

February, 2015 as CRFN 2015000028134;

      4.    Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing dated as of the 1st day of October, 2015 made by COSO 120 West 105 LLC and Lighthouse Ewing LLC to Signature Bank in the amount of $5,850,000.00 and recorded in the Register's Office on the 20th day of November, 2015 as CRFN 2015000413099 (on which mortgage tax in the amount of $163,800.00 was paid);

      Which Mortgage was consolidated with Mortgages 1, 2 and 3 above to form a single lien in the amount of $20,600,000.00 pursuant to a Mortgage Consolidation, Modification, Security Agreement and Fixture Filing dated as of the 28th day of June, 2018 between COSO 120 West 105 LLC and Lighthouse Ewing LLC and Signature Bank and recorded in the Register's Office on the 21st day of November, 2018 as CRFN 2018000386180 and upon which mortgages, as consolidated, there is currently outstanding the principal amount of $19,885,537.23; and

      5.    Gap Mortgage dated as of the 13th day of October, 2021 made by 105th Morningside Holdings LLC and HP MJM Housing Development Fund Company, Inc. to Signature Bank in the principal amount of $488,303.80 and submitted for recording in the Register's Office (which mortgage was exempt from the payment of mortgage tax);

      Which Mortgage was consolidated with Mortgages 1, 2, 3 and 4 above to form a single lien in the amount of $20,373,841.03 by a Mortgage Consolidation, Modification, Security Agreement and Fixture Filing dated as of the 13th day of October, 2021 between 105th Morningside Holdings LLC, HP MJM Housing Development Fund Company, Inc. and Signature Bank and submitted for recording with the Register's Office.

| Amended, Consolidated and Restated Mortgage Note | 120 West 105th Street a/k/a 112/138 West 105th Street, New York, New York |
|---|---|
| File No. ▮▮▮▮3344 | Page 10 |

EXHIBIT A-1

A.  Amended and Restated Mortgage made between 10-16 Manhattan Avenue LLC, 120 W. 105th Street LLC, 165-171 Manhattan Avenue LLC, 15 West 107th Street LLC, 3-5 W. 108th Street LLC, 7-9 W. 108th Street LLC, 350 Manhattan Avenue NY LLC, 634 W. 135th Street LLC, 605 W. 156th Street LLC, 625 W. 156th Street LLC, 635 Riverside Drive NY LLC, 894 Riverside NY Associates LLC, 25-29 St. Nicholas Terrace LLC, 35 St. Nicholas Terrace LLC, 520 W. 139th Street LLC, 287 Edgecombe Avenue LLC, 291 Edgecombe Avenue LLC, S West 101st Street LLC, 61-63 West 104th Street LLC, 106 W. 105th Street LLC, 109 West 105th Street LLC, 21 W. 106th Street LLC, 123 West 106th Street LLC, 125 West 106th Street LLC, 127 West 106th Street LLC, 4-6 West 108th Street LLC, 8-10 West 108th Street LLC, 63 W. 107th Street LLC, 65 W. 107th Street LLC. 67 W. 107th Street LLC, 203 W. 108th Street LLC, 216 W. 108th Street LLC, 627 W. 113th Street LLC, 302 W. 114 Street LLC, 312 W. 114th Street LLC and 400-408 West 128th Street LLC -and- Deutsche Bank Mortgage Capital, in the amount of $165,000,000.00 dated April. 12, 2007 recorded 4/18/07, as CRFN 2007000201590.

B.  Gap Mortgage made by 10-16 Manhattan Avenue LLC, 120 W. 105th Street LLC, 165-171 Manhattan Avenue LLC, 15 West 107th Street LLC, 3-5 W. 108th Street LLC, 7-9 W. 108th Street LLC, 350 Manhattan Avenue NY LLC, 634 W. 135th Street LLC, 605 W. 156th Street LLC, 625 W. 156th Street LLC, 635 Riverside Drive NY LLC, 894 Riverside NY Associates LLC, 25-29 St. Nicholas Terrace LLC, 35 St. Nicholas Terrace LLC, 520 W. 139th Street LLC, 287 Edgecombe Avenue LLC, 291 Edgecombe Avenue LLC, 5 West 101st Street LLC, 61-63 West 104th Street LLC, 106 W. 105th Street LLC, 109 West 105th Street LLC, 21 W. 106th Street LLC, 123 West 106th Street LLC, 125 West 106th Street LLC, 127 West 106th Street LLC, 4-6 West 108th Street LLC, 8-10 West 108th Street LLC, 63 W. 107th Street LLC, 65 W. 107th Street LLC, 67 W. 107th Street LLC, 203 W. 108th Street LLC, 216 W. 108th Street LLC, 118 West 109th Street LLC, 120 West 109th Street LLC, 136 West 109th Street LLC, 138 West 109th Street LLC, 140 W. 109th Street LLC, 203 West 109th Street LLC, 204 West 109th Street LLC, 205 West 109th Street LLC, 206 West 109th Street LLC, 209 West 109th Street LLC, 211 W. 109th Street LLC, 212 West 109th Street LLC, 214 West 109th Street LLC, 223-225 West 109th Street LLC, 233-235 West 109th Street LLC, 241 West 109th Street LLC, 243 West 109th Street LLC, 245 W. 109th Street LLC, 247 W. 109th Street LLC, 249 W. 109th Street LLC, 251 W. 109th Street LLC, 627 W. 113th Street LLC, 302 W. 114 Street LLC, 312 W. 114th Street LLC and 400-408 West 128th Street LLC -and- Deutsche Bank Mortgage Capital, L.L.C., in the amount of $39,000,000.00, dated April 12, 2007 and recorded 4/18/07, as CRFN 2007000201591.

AMENDED, RESTATED AND CONSOLIDATED MORTGAGE, SECURITY AGREEMENT, FINANCING STATEMENT, FIXTURE FILING AND ASSIGNMENT OF LEASES, RENTS AND SECURITY DEPOSITS dated April 12, 2007, by 10-16 Manhattan Avenue LLC, 120 W. 105th Street LLC, 165-171 Manhattan Avenue LLC, 15 West 107th Street LLC, 3-5 W. 108th Street LLC, 7-9 W. 108th Street LLC, 350 Manhattan Avenue NY LLC, 634 W. 135th Street LLC, 605 W.

156th Street LLC, 625 W. 156th Street LLC, 635 Riverside Drive NY LLC, 894 Riverside NY Associates LLC, 25-29 St. Nicholas Terrace LLC, 35 St. Nicholas Terrace LLC, 520 W. 139th Street LLC, 287 Edgecombe Avenue LLC, 291 Edgecombe Avenue LLC, 5 West 101st Street LLC, 61-63 West 104th Street LLC, 106 W. 105th Street LLC, 109 West 105th Street LLC, 21 W. 106th Street LLC, 123 West 106th Street LLC, 125 West 106th Street LLC, 127 West 106th Street LLC, 4-6 West 108th Street LLC, 8-10. West 108th Street LLC, 63 W. 107th Street LLC, 65 W. 107th Street LLC, 67 W. 107th Street LLC, 203 W. 108th Street LLC, 216 W. 108th Street LLC, 627 W. 113th Street LLC, 302 W. 114 Street LLC, 312 W. 114th Street LLC and 400-408 West 128th Street LLC, each being a New York limited liability company, to Deutsche Bank Mortgage Capital, L.L.C., a Delaware limited liability company, and recorded April 18, 2007, as CRFN 2007000201592, with the New York City Register, New York, consolidates mortgages A and B to form a single lien in the amount of $204,000,000.00.

ASSIGNMENT OF MORTGAGE made by Deutsche Bank Mortgage Capital, L.L.C., to Wells Fargo Bank, N.A., as Trustee for the registered holders of GE Commercial Mortgage Corporation, Commercial Mortgage Pass-Through Certificates, Series 2007-C1 recorded January 7, 2008, as CRFN 2008000006430, with the New York City Register, New York, assigns mortgages A and B as amended and consolidated.

PARTIAL RELEASE OF MORTGAGE made by and between Wells Fargo Bank, N.A., as Trustee for the registered holders of GE Commercial Mortgage Corporation, Commercial Mortgage Pass-Through Certificates, Series 2007-C1, and 63 W. 107th Street LLC, 65 W. 107th Street LLC and 67 W. 107th Street LLC, dated as of December 15, 2008, recorded December 19, 2008, as CRFN 2008000482715, with the New York City Register, New York, which releases condominium units in 63, 65 and 67 West 107th Street from mortgages A and B as amended and consolidated.

CORRECTIVE AND CONFIRMATORY ASSIGNMENT OF MORTGAGE made by German American Capital Corporation, as successor in interest to Deutsche Bank Mortgage Capital, L.L.C., to Wells Fargo Bank, N.A., as Trustee for the registered holders of GE Commercial Mortgage Corporation, Commercial Mortgage Pass-Through Certificates, Series 2007-C1, recorded June 30, 2011, as CRFN 2011000230550. Corrects errors in Assignment of Mortgage recorded as CRFN 2008000006430.

ASSIGNMENT OF MORTGAGE made by Wells Fargo Bank, N.A., as Trustee for the registered holders of GE Commercial Mortgage Corporation, Commercial Mortgage Pass-Through Certificates, Series 2007-C1, to U.S. Bank National Association, as Trustee for the registered holders of GE Commercial Mortgage Corporation, Commercial Mortgage Pass-Through Certificates, Series 2007-C1, recorded June 30, 2011, as CRFN 2011000230551, with the New York City Register, New York, assigns mortgages A and B as amended and consolidated.

ASSIGNMENT OF MORTGAGE made by U.S. BANK NATIONAL ASSOCIATION, AS

| Amended, Consolidated and Restated Mortgage Note | 120 West 105th Street a/k/a 112/138 West 105th Street, New York, New York |
|---|---|
| File No. ▬▬▬3344 | Page 12 |

TRUSTEE FOR THE REGISTERED HOLDERS OF GE COMMERCIALMORTGAGE CORPORATION, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C-1 to DG UWS SUB LLC dated September 26, 2011 to be effective as of November 2, 2011 recorded November 21, 2011 as CRFN 2011000405425, assigns mortgages A and B as amended and consolidated.

Modification and Severance Agreement amongst 10-16 Manhattan Avenue LLC, 120 W. 105th Street LLC, 165-171 Manhattan Avenue LLC, 15 West 107th Street LLC, 3-5 W. 108th Street LLC, 7-9 W. 108th Street LLC, 350 Manhattan Avenue NY LLC, 634 W. 135th Street LLC, 605 W. 156th Street LLC, 625 W. 156th Street LLC, 635 Riverside Drive NY LLC, 894 Riverside NY Associates LLC, 25-29 St. Nicholas Terrace LLC, 35 St. Nicholas Terrace LLC, 520 W. 139th Street LLC, 287 Edgecombe Avenue LLC, 291 Edgecombe Avenue LLC, 5 West 101st Street LLC, 61-63 West 104th Street LLC, 106 W. 105th Street LLC, 109 West 105th Street LLC, 21 W. 106th Street LLC, 123 West 106th Street LLC, 125 West 106th Street LLC, 127 West 106th Street LLC, 4-6 West 108th Street LLC, 8-10. West 108th Street LLC, 203 W. 108th Street LLC, 216 W. 108th Street LLC, 627 W. 113th Street LLC, 302 W. 114 Street LLC, 312 W. 114th Street LLC and 400-408 West 128th Street LLC and DG UWS SUB LLC dated August 30, 2012 recorded 9-19-2013 in CRNF2012000371452 in the Office of the City Register, New York County, New York, Severs mortgages A and B as consolidated into 3 separate liens of $80,000,000.00, $ 50,000,000.00, and $ 62,132,000.00;

Substitute Mortgage A from 10-16 Manhattan Avenue LLC, 120 W. 105th Street LLC, 165-171 Manhattan Avenue LLC, 15 West 107th Street LLC, 3-5 W. 108th Street LLC, 7-9 W. 108th Street LLC, 350 Manhattan Avenue NY LLC, 634 W. 135th Street LLC, 605 W. 156th Street LLC, 625 W. 156th Street LLC, 635 Riverside Drive NY LLC, 894 Riverside NY Associates LLC, 25-29 St. Nicholas Terrace LLC, 35 St. Nicholas Terrace LLC, 520 W. 139th Street LLC, 287 Edgecombe Avenue LLC, 291 Edgecombe Avenue LLC, 5 West 101st Street LLC, 61-63 West 104th Street LLC, 106 W. 105th Street LLC, 109 West 105th Street LLC, 21 W. 106th Street LLC, 123 West 106th Street LLC, 125 West 106th Street LLC, 127 West 106th Street LLC, 4-6 West 108th Street LLC, 8-10. West 108th Street LLC, 203 W. 108th Street LLC, 216 W. 108th Street LLC, 627 W. 113th Street LLC, 302 W. 114 Street LLC, 312 W. 114th Street LLC and 400-408 West 128th Street LLC to DG UWS SUB LLC in the amount of $80,000,000.00 dated August 30, 2012 recorded November 16, 2012 in CRFN 2012000371453 in the Office of the City Register, New York County, New York (Exempt from mortgage tax pursuant to Section 1146 of the Bankruptcy, Cede) (Tax Paid $-0-)

Substitute Mortgage B from 10-16 Manhattan Avenue LLC, 120 W. 105th Street LLC, 165-171 Manhattan Avenue LLC, 15 West 107th Street LLC, 3-5 W. 108th Street LLC, 7-9 W. 108th Street LLC, 350 Manhattan Avenue NY LLC, 634 W. 135th Street LLC, 605 W. 156th Street LLC, 625 W. 156th Street LLC, 635 Riverside Drive NY LLC, 894 Riverside NY Associates LLC, 25-29 St. Nicholas Terrace LLC, 35 St. Nicholas Terrace LLC, 520 W. 139th Street LLC, 287 Edgecombe Avenue LLC, 291 Edgecombe Avenue LLC, 5 West 101st Street LLC, 61-63 West 104th Street LLC, 106 W. 105th Street LLC, 109 West 105th Street LLC, 21 W. 106th Street LLC, 123 West 106th Street LLC, 125 West 106th Street LLC, 127 West 106th Street LLC, 4-6 West 108th Street LLC, 8-10. West

| Amended, Consolidated and Restated Mortgage Note | 120 West 105th Street a/k/a 112/138 West 105th Street, New York, New York |
|---|---|
| File No. 3344 | Page 13 |

108th Street LW, 203 W. 108th Street LLC, 216 W. 108th Street LLC, 627 W. 113th Street LLC, 302 W. 114 Street LLC, 312 W. 114th Street LLC and 400-408 West 128th Street LLC to DG UWS SUB LLC in the amount of $50,000,000.00 dated August 30, 2012 recorded September 19, 2012 in CRFN 2012000371454 in the Office of the City Register, New York County, New York (Exempt from mortgage tax pursuant to Section 1146 of the Bankruptcy Code) (Tax Paid $-0-)

Certificate of Reduction of Substitute Mortgage B to $20,600,060.00 from DG .UWS SUB LLC dated August 30, 2012 recorded September 19, 2012 in CRFN 2012000371456 in the Office of the City Register, New York County, New York;

Assignment of Substitute Mortgage A from DG UWS SUB LLC to Berkadia Commercial Mortgage LLC dated August 30, 2012 recorded September 19, 2012 in CRFN 2012000371460 in the Office of the City Register, New York County, New York; and

Assignment of Substitute Mortgage B from DG UWS SUB LLC to Berkadia Commercial Mortgage LLC dated August 30, 2012 recorded September 19, 2012 in CRFN 2012000371461 in the Office of the City Register, New York County, New York.

Amended, Restated and Consolidated Mortgage and Security Agreement from DHNY APT I LLC, DHNY APT II LLC, DHNY APT III LLC, DHNY APT IV LLC and DHNY APT V LLC to BERKADIA COMMERCIAL MORTGAGE LLC dated August 30, 2012 recorded September 16, 2012 in CRFN 2012000429048 in the Office of the City Register, New York County, New York, consolidates Substitute Mortgages A and B into a single lien of $100,000,000.00.

Assignment of Amended, Restated and Consolidated Mortgage and Security Agreement from Berkadia Commercial Mortgage LLC to Signature Bank dated as of September 11, 2013 and recorded in the Office of the City Register, New York County on the 25th day of September, 2013 as CRFN 2013000397479.

| Amended, Consolidated and Restated Mortgage Note | 120 West 105th Street a/k/a 112/138 West 105th Street, New York, New York |
|---|---|
| File No. 3344 | Page 14 |