# Exhibit C

# BLACK SPRUCE MANAGEMENT

November 27, 2023

**BY FEDEX OVERNIGHT DELIVERY**

Signature Bank  
68 South Service Road  
Melville, NY  11747  
Attention: CRE Lending  
    Officer

Ms. Amy Maxner  
CRE Loan Administration  
Team Leader  
Flagstar Bank  
68 South Service Road, Suite 250  
Melville, NY  11747

*Signature Bank Affordable Housing Loans – Black Spruce Borrowers*

Ladies and Gentlemen:

In the fall of 2020, at the height of the pandemic, we closed one of several major transactions with Signature Bank that enabled Signature Bank to turn 33 defaulted loans on smaller buildings into 33 performing loans supporting affordable housing in New York City. We acquired the properties that were in default of Signature Bank loans, qualified them for governmental incentives for affordable housing, signed regulatory agreements to increase affordability, forgave tenant arrears that accrued during the onslaught of Covid, and created tremendous benefits for Signature Bank.

Later, in the fall of 2021, as New York City continued to reel from the pandemic, we enabled Signature Bank to turn an additional 13 defaulted loans on smaller buildings into 13 performing loans.  Collectively we enabled Signature Bank to convert more than $300,000,000 of defaulted loans (the "<u>Affordable Housing Loans</u>") into fully performing loans, with no reduction of principal or other secured obligations and without the need to advance additional loan funds. To date we have assured that nearly 50 apartment buildings on Manhattan's Upper West Side will remain affordable until the year 2060. We are in the process of extending the same affordability to an additional 13 buildings on the Upper West Side.

As part of the transaction, to induce us to enter into the Affordable Housing Loans, which simultaneously helped Signature Bank, Signature Bank gave us a right of first refusal (a "<u>ROFR</u>") should the bank ever decide to sell any of the Affordable Housing Loans. The ROFR was a very significant part of the deal. We value it. We believe we earned it. We intend to enforce it.

**Exhibit A** lists the Affordable Housing Loans, along with two "Briarwood" loans and one "Spencer" loan (all, collectively, the "<u>Loans</u>"). The Briarwood loans had a business agenda similar to the Affordable Housing Loans and extended affordable housing to 382 families in the Briarwood section of Queens until 2062. The Spencer Loan did not necessarily have the same business agenda as the Affordable Housing Loans or the Briarwood Loans, but it amounts to a small piece of the overall Loans. All the Loans are subject to our ROFR. For all the Loans, **Exhibit A** lists the name of each borrower, the address of each mortgaged property, and the

principal amount. Each Loan: (a) was guaranteed by Joshua Gotlib and, in some cases, others (all of the foregoing, collectively, "Guarantor"); and (b) was evidenced by a promissory note (all, collectively, "Notes").

We understand the Loans are now all directly or indirectly held or controlled by the Federal Deposit Insurance Corporation or its nominee (the "Seller"), as direct or indirect successor in interest to Signature Bank. We also believe, based on potentially incomplete information, that Seller has now obtained and accepted bids by which parties other than Seller would acquire some or all of the Loans. We are surprised not to have received any formal notice to that effect.

We draw your attention to this language, which appears in every Note[1] and which gives Guarantor, whether just one individual or several, the ROFR mentioned above:

> (c) Notwithstanding anything contained herein or in the other Loan Documents, in the event that the Bank elects to sell, assign, transfer or negotiate this Note and the Loan Documents to a bona fide third party unrelated and unaffiliated with the Bank (hereinafter, a "Sale") by its acceptance of this Note the Bank agrees to provide the Guarantors (or their affiliated entity) a right of first option by providing the Guarantors with notice of the intended Sale which states the material terms and conditions upon which the Bank has agreed to accept for the Sale (the "ROFR Notice"). The Guarantors shall notify the Bank within three (3) Business Days of receipt of said ROFR Notice, that they (or their affiliated entity) will meet the terms of the Sale and purchase the Note and Loan Documents on the same terms contained therein, provided that the Guarantors shall have at least thirty (30) days to close upon the Sale. If the Bank has not received notice within said three (3) Business Days that the Guarantors (or their affiliated entity) will enter into the Sale, the Bank will have no further obligation to enter into any Sale with the Guarantors (or their affiliated entity). In addition, if the Guarantors (or their affiliated entity) have notified the Bank within said three (3) Business Day period that they intend to enter into said Sale and such Sale is not consummated in accordance with said thirty (30) days, the Bank will have no further obligation to enter into the Sale with the Guarantors (or their affiliate). In the event that the Guarantors decline to enter into the proposed Sale and the Bank attempts to proceed with the Sale to a third party but prior to closing the Sale the proposed purchase price is reduced by greater than five percent (5%) from that price proposed in said ROFR Notice, then, in such event, the Bank will be required to provide the Guarantors with a new ROFR Notice and opportunity to exercise the Guarantors' rights hereunder. The term "Sale" shall not include any transfer or assignment of this Note due to the sale of the Bank or merger of the Bank with another financial institution.

---

[1] The ROFR typically appears in Note Section 4(c), but sometimes elsewhere in the Note. All Notes contain equivalent provisions.

For convenience, the balance of this letter uses the definitions in Guarantor's ROFR.

Before Seller proceeds with any Sale of any Note(s) or Loan Document(s), Guarantor demands that Seller comply with Guarantor's ROFR. Guarantor has not waived and does not intend to waive Guarantor's ROFR, as it was a significant inducement to enter into the Loans. Therefore, Seller must give Guarantor a ROFR Notice before proceeding with any Sale. At this time, we have not received any ROFR Notice. Thus, assuming Seller has agreed to consummate any Sale of any of the Loans, Seller is in default, but can cure that default by giving a ROFR Notice. Upon receipt of any ROFR Notice, Guarantor will determine whether it wishes to exercise its ROFR.

We want to work with you in a quick and collaborative way to implement our ROFR. For purposes of the required ROFR Notice, and for future notices to Guarantor under the Loan Documents, please send any notice to Guarantor to these addressees:

| Joshua Gotlib | David I. Keusch, Esq. | Joshua Stein, Esq. |
| --- | --- | --- |
| c/o Black Spruce Management | Keusch Law PLLC | Joshua Stein PLLC |
| 80 Fifth Avenue, Suite 1201 | 80 Fifth Avenue, Suite 1201 | 110 West 57th St., 4th Floor |
| New York, New York  10011 | New York, New York  10011 | New York, NY  10019 |

To further help us respond quickly and constructively to any ROFR Notice, we also ask that you: (a) send a simultaneous copy of your ROFR Notice by email to these addresses: joshua@blacksprucellc.com, DavidK@davidklaw.com, and joshua@joshuastein.com; and (b) promptly let us know (ideally in your ROFR Notice) who should receive our notice exercising our ROFR, if we ultimately decide to give such a notice.

We look forward to working with you in a constructive and transparent way to implement our ROFR and, should we decide to exercise our ROFR, then Guarantor's purchase of any Loans that are intended to be the subject of a Sale. If we exercise our ROFR, we would also be willing to acquire or pay off the affected Loans based on a discounted payoff equal to the contemplated purchase price for the Sale of such Loans.

On the other hand, if you proceed with a Sale in violation of our ROFR, we intend to exercise any and all rights and remedies available to us, all of which we expressly reserve. Without limiting the previous sentence, we reserve the right to decline to recognize any person that acquired any Loan in violation of our rights. We trust you will disclose that, as well as our ROFR rights, to any prospective Loan purchaser(s).

*No Further Text on This Page.*

Again, we demand that you give us a ROFR Notice in accordance with our ROFR before you proceed with any Sale of any Loan(s).

Very truly yours,

_____
**JOSHUA GOTLIB**

Courtesy copies, by email, to:

    Mr. John Howley (John.Howley@nmrk.com)
    Ms. Amy Maxner (amaxner@signatureny.com)
    David I. Keusch, Esq. (DavidK@davidklaw.com)
    Joshua Stein, Esq. (joshua@joshuastein.com)